IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CARLTON BUCKLEY, | ) | C.A. No. 4:04-21900-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **WRITTEN OPINION AND** |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

In this *pro se* case, the plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, asserts that the federal Bureau of Prisons negligently lost a civil summons that was sent to him, causing a default judgment to be entered against him. The defendant denies these allegations and has filed a motion to dismiss and/or for summary judgment. The plaintiff opposes this motion. Because the parties have requested that matters outside the pleadings be considered by the Court, the undersigned shall treat the motion as being one for summary judgment pursuant to Rule 12(a) of the Federal Rules of Civil Procedure.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. In his Report, Magistrate Judge Rogers recommends that the defendant's motion for summary judgment be granted. As reasoned, in part, by the Magistrate Judge:

1

> ...plaintiff had six months from [July 25, 2002]...to file his suit but did not file the complaint in this action until August 19, 2004...Plaintiff has admitted that he knew that he had six months to file the action but did not file it until almost nineteen (19) months later. Accordingly, it is recommended that this action be dismissed as it is barred by the statute of limitations.
>
> (Magistrate Judge's Report p. 6-7).

Additionally, the Magistrate Judge reasoned that the plaintiff's claims are also barred by the "detention of goods" exception to the Federal Tort Claims Act set forth in 28 U.S.C. § 2680(c), under which the government retains immunity from suit for any claim arising from the detention of goods, merchandise, or other property by any law enforcement officer. (Magistrate Judge's Report p. 9-11). The plaintiff has filed objections to the Report.

In conducting its review of the Report and the objections filed thereto, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

4:04-cv-21900-TLW     Date Filed 08/24/05    Entry Number 15     Page 3 of 5

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report and recommendation of the Magistrate Judge.

Initially, as noted above, the Magistrate Judge concluded that the statute of limitations bars the plaintiff's claims in this case. The undersigned agrees.

As the record reflects, the plaintiff filed an administrative claim on June 14, 2002, pursuant to the Federal Tort Claims Act. Thereafter, in a letter dated July 25, 2002, the United States Department of Justice denied the plaintiff's claim. That letter further contained a statement telling the plaintiff that if he was dissatisfied he could file suit in the appropriate United States District Court no later than six (6) months after the mailing date of the letter. As alleged in the plaintiff's complaint, that denial letter was received by him on July 25, 2002. Accordingly, the plaintiff had until January 26, 2003, to file his civil action. Admittedly, this did not occur in the instant case. Nothing in the record suggests that the plaintiff was unaware of the statute of limitations period. To the contrary, the plaintiff acknowledges in an attached letter to the complaint that the complaint may be filed "out of time." Because no basis exists for the equitable tolling of the statute of limitations in this case, the plaintiff's claims must also be dismissed as untimely.

Next, the Magistrate Judge also concluded that this case be dismissed, since the plaintiff's claims are barred by the "detention of goods" exception set forth in 28 U.S.C. § 2680(c). Again, the undersigned agrees.

In his Report, the Magistrate Judge properly reasoned that the Fifth Circuit Court of Appeals' reasoning in Chapa v. U.S. Dep't. of Justice, 339 F.3d 388 (5th Cir. 2003) is both

3

persuasive and applicable to the facts in this case. Specifically, in Chapa, a case factually similar to the one presently before the Court, a federal prisoner filed suit under the Federal Tort Claims Act ("FTCA") to recover damages for loss of his personal property. The District Judge dismissed the prisoner's claims and the prisoner appealed. On Appeal, the Fifth Circuit Court of Appeals held that the prisoner's claims were barred by the "detention of goods" exception to the FTCA. In particular, the Fifth Circuit concluded that Bureau of Prisons officers were "law enforcement officers" for purposes of § 2680(c) and that the prisoner's claims were therefore subject to dismissal. Likewise, the plaintiff's allegations that the federal Bureau of Prisons negligently lost a civil summons that was sent to him are also barred for this reason.

Moreover, although the plaintiff contends otherwise, decisions within the Fourth Circuit further support the undersigned's conclusion that the "detention of goods" exception to the FTCA applies in this case. In particular, the undersigned recently dismissed a prisoner's claim that prison personnel had either lost or damaged his property in reliance upon the Chapa decision. See Okpala v. Gal, Civil Action Number 0:01-4252-25BD. The prisoner appealed and the Fourth Circuit Court of Appeals affirmed. Okpala v. Gal, (unpublished) No. 04-7004 (4th Cir. Dec. 1, 2004). Thus, sufficient precedent exists upon which to dismiss the plaintiff's claims.

In sum, a *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the defendant's motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

August 24, 2005
Florence, South Carolina